IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEITH BAINES,<br><br>　　Plaintiff,<br><br>v.<br><br>INALFA ROOF SYSTEM, INC.,<br><br>　　Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW, Plaintiff Keith Baines ("Plainiff" or "Mr. Baines"), by and through undersigned counsel, and files this, his Complaint against Defendant Inalfa Roof System, Inc. ("Defendant"), and respectfully shows the Court as follows:

### I. NATURE OF COMPLAINT

1.

Plaintiff brings this action to obtain full and complete relief regarding and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief and damages for Defendant's violations of Plaintiff's rights pursuant to Title VII of the Civil Rights Act of 1964, as

1

amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII") and for claims under Georgia law, pursuant to this Court's supplemental jurisdiction.

## II. JURISDICTION AND VENUE

3.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §1343(a)(4).

4.

Defendant Inalfa Roof System, Inc. is a foreign corporation qualified to do business in this District and regularly transacting business in the State of Georgia, and the unlawful employment practices alleged in this Complaint were committed within this District.

5.

Therefore, in accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000e-5(f), venue is appropriate in this Court.

## PARTIES

6.

Keith Baines is a male citizen of the State of Georgia who is authorized to bring actions of this kind and nature. At all times relevant to this matter,

Defendant employed Mr. Baines. Mr. Baines submits himself to the jurisdiction of this Court.

7.

At all times material hereto, Defendant has been an "employer" as defined by Title VII.

8.

During 2020 and/or 2021, Defendant employed fifteen (15) or more employees for each working day in 20 or more calendar weeks.

9.

During 2020 and/or 2021, Defendant employed five hundred and one (501) or more employees for each working day in 20 or more calendar weeks.

10.

Defendant may be served through its Registered Agent, Michael Smith, at 1000 Cherokee Parkway, Acworth, Georgia.

## ADMINISTRATIVE PROCEDURES

11.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on March 11, 2022.

12.

The EEOC issued a "Notice of Right to Sue" on September 15, 2022, entitling an action to be commenced within ninety (90) days of Plaintiff's receipt of that notice.

13.

Plaintiff timely files this action within ninety (90) days of receipt of the Notices of Right to Sue from the EEOC.

## **FACTUAL ALLEGATIONS**

14.

Mr. Baines began working for Defendant on or about March 4, 2019, as an Assembly Operator.

15.

In October 2019, Defendant promoted Mr. Baines to a Plant Trainer position.

16.

Mr. Baines's direct supervisor was Michael Adoyo, Regional Development Manager.

17.

Starting in approximately December 2020, Mr. Adoyo began to sexually harass Mr. Baines.

18.

Mr. Adoyo engaged in severe or pervasive sexual harassment towards Mr. Baines on a daily or weekly basis,

19.

Mr. Adoyo asked Mr. Baines how he felt working with a gay and/or bi-sexual man.

20.

Mr. Adoyo was aware that Mr. Baines had a girlfriend who also worked for Defendant.

21.

On numerous occasions, Mr. Adoyo told Mr. Baines that he (Mr. Baines) could do better that his girlfriend by being with him (Mr. Adoyo).

22.

Mr. Adoyo would call Mr. Baines outside of work hours about non-work business and attempt to engage him in inappropriate conversations.

23.

Mr. Baines notified Mr. Adoyo that he is a recovering alcoholic and could not attend "team building" functions at venues where alcohol was served.

24.

Despite (or perhaps because) Mr. Adoyo was aware Mr. Baines is a recovering alcoholic, Mr. Adoyo repeatedly berated and insulted Mr. Baines for refusing to attend functions at venues where alcohol was served.

25.

When Mr. Baines was sitting down, Mr. Adoyo would come over and sit in his lap.  This occurred on at least three occasions.

26.

On one occasion where Mr. Adoyo forced himself onto Mr. Baines, another employee took a picture of them and laughed.

27.

Mr. Adoyo asked Mr. Baines to take his shirt off.

28.

Mr. Adoyo asked Mr. Baines out on dates.

29.

Mr. Adoyo often asked Mr. Baines what type of underwear he wore.

30.

Mr. Baines rejected all of Mr. Adoyo's advances, which often upset Mr. Adoyo.

31.

On information and belief, Mr. Adoyo had previously been the subject of one or more sexual harassment complaints during his employment with Defendant.

32.

Mr. Adoyo would yell and berate Mr. Adoyo in front of other employees when Mr. Adoyo would reject his advances.

33.

Mr. Adoyo called Mr. Baines a homophobe.

34.

In October 2021, Mr. Adoyo told Mr. Baines that he was going to "come cuddle with you at your apartment."

35.

In early November 2021, Mr. Adoyo reached for Mr. Baines's genitals.

36.

On or about November 15, 2021, Mr. Baines filed a complaint of sexual harassment against Mr. Adoyo with Erin Wagner, HR Manager.

37.

While Defendant claimed to investigate Mr. Baines's complaints, Mr. Adoyo continued to work during this time and no action was taken.

38.

While Defendant assured Mr. Baines that they would investigate his complaints, Mr. Adoyo's harassment continued.

39.

Defendant was aware of Mr. Adoyo's propensity to sexually harass its employees, including Mr. Baines, both by virtue of the open and notorious nature of Adoyo's conduct, but also because Adoyo had previously been accused of sexually harassing employees.

40.

The sexual harassment was severe or pervasive, altering the terms and conditions of Plaintiff's employment.

41.

Defendant created a hostile work environment that Mr. Baines was required to endure as a condition of his employment.

42.

Defendant chose not to take reasonable steps to prevent sexual harassment from occurring, despite their knowledge of their employee's propensity for sexual harassment.

## **CLAIMS FOR RELIEF**

## **COUNT ONE: SEXUAL HARASSMENT IN VIOLATION OF TITLE VII**

43.

Plaintiff re-alleges paragraphs one through forty-two (1-42) as if set forth fully herein.

44.

Defendant's actions in subjecting Plaintiff to severe and ongoing sexual harassment constitute unlawful discrimination on basis of Plaintiff's gender in violation of Title VII.

45.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

46.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect his status as an employee because of his gender.

47.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected his psychological and physical well-being.

48.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination and retaliation and are liable for compensatory and punitive damages pursuant to 42 U.S.C. § 1981a(b)(3)(D).

## COUNT TWO:  NEGLIGENCE

49.

Plaintiff re-alleges paragraphs one through forty-two (1-42) as if set forth fully herein.

50.

Defendant knew, or in the exercise of ordinary diligence, should have known of the propensity of their employee, Michael Adoyo, to engage in sexually

offensive conduct toward subordinate employees, and toward Mr. Baines in particular.

51.

Defendant had a duty, under federal and state law, to prevent and promptly correct, tortious conduct by Mr. Adoyo.

52.

Defendant failed to use reasonable care to prevent and/or promptly correct Mr. Adoyo's conduct in sexually harassing, assaulting, battering, and inflicting emotional distress on Plaintiff.

53.

Because Defendant failed to comply with its duty of reasonable care to prevent and/or correct Mr. Adoyo's tortious conduct, Mr. Baines was sexually harassed; was assaulted and battered; and was subjected to intentional infliction of emotional distress.

54.

Defendant is liable for the conduct alleged herein, as following Mr. Baines' complaints, it deliberately and/or negligently failed to stop an environment in which sexual harassment was common and considered acceptable behavior toward other employees.

55.

Defendant is liable in negligence for its negligent failure to comply with duties established by law and Defendant's own employment policies.

56.

Defendant failed and refused to act to protect Mr. Baines from sexual harassment, assault and battery, and intentional infliction of emotional distress, thereby causing him personaly physical pain and emotional distress and mental anguish. This failure includes retaining Mr. Adoyo and failing to adequately supervise him after obtaining actual or constructive knowledge of their propensity for sexually offensive conduct toward other employees, and toward Ms. Baines in particular.

57.

Defendant acted willfully and maliciously and with a complete absence of care in that, instead of remedying the sexual harassment, they retaliated against him and other employees because of reports of Mr. Adoyo's conduct and are thus liable to Plaintiff for damages to his person, peace, happiness, and physical and emotional wellbeing and the physical pain, emotional distress and mental anguished sustained as a result of their actions and failures to act.

## COUNT THREE:  PUNITIVE DAMAGES, O.C.G.A. § 51-12-5.1

58.

Plaintiff re-alleges paragraphs one through forty-two (1-42) as if set forth fully herein.

59.

The foregoing acts of Defendant was intentional, were intended to cause harm, and to humiliate Plaintiff, and evidence a conscious disregard for the rights of Plaintiff, and a demonstrate a specific intent to cause harm.  Mr. Baines is entitled to recover from Defendant, in addition to compensatory damages, an award of punitive damages under the law of Georgia to punish Defendants, or to deter them from repeating such wrongful acts.

## COUNT FOUR:  ATTORNEYS' FEES AND EXPENSES OF LITIGATION, O.C.G.A. § 13-6-11

60.

Plaintiff re-alleges paragraphs one through forty-two (1-42) as if set forth fully herein.

61.

Defendant acted in bad faith in engaging in intentionally tortious misconduct, have been stubbornly litigious, and/or caused Mr. Baines unnecessary trouble and expense in litigating this case, and Mr. Baines is thus entitled to

recovery of the expenses of this litigation, including attorneys' fees, under federal and Georgia law, including but not limited to O.C.G.A. § 13-6-11.

**WHEREFORE**, Plaintiff requests judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) All other relief to which he may be entitled.

Respectfully submitted the 28th day of September, 2022.

                                **BARRETT & FARAHANY**

                                */s/ Matthew C. Billips*
                                Matthew C. Billips
                                Georgia Bar No. 057110
                                Kate A. Cantolina
                                Georgia Bar No. 794526

*Attorneys for Plaintiff Keith Baines*

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
matt@justiceatwork.com
kate@justiceatwork.com